UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JORGE QUIEJU

                                   Plaintiff,                                   Index No.:

                                                                                  **VERIFIED COMPLAINT**
                -against-                                                      **JURY TRIAL DEMANDED**

LA JUGUERIA, INC. D/B/A LA JUGUERIA,
BETO LNU D/B/A LA JUGUERIA, AND
ANGEL MACARIO D/B/A LA JUGUERIA

                                   Defendants.
------------------------------------------------------------------------X

      Plaintiff, Jorge Quieju, by and through his attorneys at Heriberto A. Cabrera & Associates, as and for their Complaint against *LA JUGUERIA, INC. D/B/A LA JUGUERIA, BETO LNU D/B/A LA JUGUERIA, AND ANGEL MACARIO D/B/A LA JUGUERIA* ("Defendants"), respectfully alleges as follows:

## INTRODUCTION

1. This action seeks unpaid overtime wages, minimum wages, spread of hours, liquidated damages, notice violations, reasonable attorney's fees, costs, and pre and post-judgment interest for Defendants' willful failure to pay overtime, and spread of hours, inter alia, to Plaintiff JORGE QUIEJU (hereinafter "Jorge") pursuant to New York State Labor Law Sections 190 *et seq* ("NYSLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Plaintiff demands a jury trial on all issues that may be tried by a jury.

## PARTIES

3. Plaintiff, Jorge, is a resident of Kings County, New York, and he was an employee of Defendants as a "Delivery man and Cook". During the course of his employment with defendants, he worked at:

1

    a. Mi Jugueria at 410 52nd Street, Brooklyn, NY 11220

4. Upon information and belief, LA JUGUERIA, INC. D/B/A LA JUGUERIA (hereinafter "La Jugueria"), is a domestic corporation doing business within the State of New York, and has a principal place of business in Kings County in the City and State of New York at 410 52nd Street, Brooklyn, NY 11220.

6. Upon information and belief, La Jugueria is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

7. La Jugueria, is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a laundromat company based at 410 52nd Street, Brooklyn, NY 11220, where Defendants controlled the terms, conditions and pay practices relating to the Plaintiff.

8. Upon information and belief, Defendant, BETO LNU D/BA LA JUGUERIA (herewith "Beto LNU"), whose home address is unknown, is an individual and a natural citizen of the United States of America and doing business within the City and State of New York, County of Kings, and has a principal place of business at the following location: 410 52nd Street Brooklyn, NY 11220.

9. Defendant BETO LNU D/BA LA JUGUERIA is an individual engaging (or who was

engaged) in business in this judicial district during the relevant time period. Defendant Beto LNU is sued individually in his capacity as an owner, officer, and/or agent of Defendants.

10. Upon information and belief, Defendant Beto LNU possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendants.

11. Defendant Beto LNU, determined the wages and compensation of the employees of Defendants, including Plaintiff.

12. Defendant Beto LNU established the schedule of the Plaintiff.

13. Defendant Beto LNU directed works tasks and assignments for employees, including Plaintiff's.

14. Defendant Beto LNU issued pay to Plaintiff.

15. Defendant Beto LNU disciplined Plaintiff.

16. Defendant Beto LNU had the authority to hire and fire employees.

17. Upon information and belief, Defendant, Beto LNU, has ownership interest in the corporate defendant and he is a manager and supervisor of all his employees and the employees of the corporate defendant.

18. Plaintiff was an "employee" of Defendant Beto LNU within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

19. Plaintiff was an "employee" of the corporate defendant, within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

20. Defendant, Beto LNU, and the corporate defendant through defendant

Beto LNU, controlled the hours, the task assignments and the overall work associated with Plaintiff's work at the store premises.

21. Defendant, Beto LNU, and the corporate defendants through defendant Beto LNU, controlled the terms and conditions of Plaintiff's employment and are thus "employers" within the meaning of 29 U.S.C Section 203(d) and NYSLL Section 190(3).

22. Upon information and belief, Defendant, ANGEL MACARIO D/B/A LA JUGUERIA (hereinafter "Macario"), whose home address is unknown, is an individual and a natural citizen of the United States of America and doing business within the City and State of New York, County of Kings, and has a principal place of business at the following location: 410 52nd Street, Brooklyn, NY 11220

23. Defendant ANGEL MACARIO D/B/A LA JUGUERIA is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Macario is sued individually in his capacity as an owner, officer, and/or agent of Defendants.

24. Upon information and belief, Defendant Macario possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendants.

25. Defendant Macario Determined the wages and compensation of the employees of Defendants, including Plaintiffs.

26. Defendant Macario established the schedule of the Plaintiff.

27. Defendant Macario directed works tasks and assignments for employees, including Plaintiff.

28. Defendant Macario issued pay to Plaintiff.

29. Defendant Macario disciplined Plaintiff.

30. Defendant Macario had the authority to hire and fire employees and in fact hired and fired Plaintiff.

31. Upon information and belief, Defendant, Macario, has ownership interest in the corporate defendants and he is a manager and supervisor of all his employees and the employees of the corporate defendant.

32. Plaintiff was an "employee" of Defendant, Macario, within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

33. Defendant, Macario, and the corporate defendant through defendant Macario, controlled the hours, the task assignments and the overall work associated with Plaintiff's work at the store premises.

34. Defendant, Macario, and the corporate defendants through defendant Macario, controlled the terms and conditions of Plaintiff's employment and are thus "employers" within the meaning of 29 U.S.C Section 203(d) and NYSLL Section 190(3).

## JURISDICTION AND VENUE

35. This court has subject matter jurisdiction over Plaintiff's Fair Labor Standards Act ("F.L.S.A.") claims pursuant to 28 U.S.C. § 1331 and§ 1337 and supplemental jurisdiction over Plaintiff's NYSLL claims pursuant to 28 U.S.C. § 1367.

36. This Court also has jurisdiction over Plaintiff's F.L.S.A. claims pursuant to 29 U.S.C. § 201 et seq. and in particular, 29 U.S.C. § 216(b).

37. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because this action concerns wages and hours violations that occurred within the

Judicial District and all parties reside in and/or conduct business within the Judicial District.

## FACTS

38. At all times relevant to this Complaint, Plaintiff received payments from Defendants and were economically dependent on Defendants in regards to making their living.

39. Defendants had the power to hire and fire employees including Plaintiff.

40. Defendants supervised and controlled Plaintiff's work schedules and/or conditions of their employment.

41. Defendants, through their agents, determined the rate and method of payment of Plaintiff's wages.

42. Plaintiff, Jorge, worked for Defendants as a "Delivery man and cook" for the Defendants from on or about approximately February 16, 2022 until on or about November 11, 2022.

43. During the entire period of his employment, Plaintiff, Jorge, worked for defendants as directed by Defendants at 410 52nd Street, Brooklyn, NY 11220, and was supervised and managed by Defendants.

44. Beginning on or about February 16, 2022 until on or about November 11, 2022, Plaintiff Jorge worked six days per week from 7:00AM-9:00PM on Saturdays and from 7:00AM-8:00PM from Monday through Friday for a total of 79 hours per week.

45. During the entire period of his employment, payment was as follows:

   a. From on or about February 16, 2022 until on or about March 31, 2022, Plaintiff Jorge was paid $550.00 a week
   b. From on or about April 1, 2022 until on or about April 21, 2022,

       Plaintiff Jorge was paid $600.00 a week

   c. From on or about April 22, 2022 until on or about June 21, 2022, Plaintiff Jorge was paid $650.00 a week

   d. From on or about June 22, 2022 until on or about November 14, 2022 a week.

46. During the entire period of his employment, Plaintiff was never paid an overtime premium for the hours he worked.

47. Plaintiff did not exercise any discretion over his tasks or over any significant aspects of the manner the Defendants ran their business. Nor did Plaintiff have control over the manner he could execute the tasks assigned to them.

48. Plaintiff never received time off or any vacation time for the entire period of their employment.

49. Upon information and belief, Defendants kept, and/or allowed to be kept, inaccurate records of the hours worked by Plaintiff.

50. Defendants failed to adequately and accurately disclose and/or keep track of the number of hours Plaintiff worked during the day, the total hours Plaintiff worked during the week and/or the total amount of overtime hours worked each week.

51. If Plaintiff's hours had been properly documented and calculated, then the Plaintiff's total amount of hours worked would have triggered payment calculated at premium overtime rates well in excess of the amount of money actually paid to Plaintiff by the Defendants.

52. Defendants' policy and practice was to be deliberately and/or willfully indifferent to the amount of regular wages and overtime wages that Plaintiff was entitled to under the law.

53. At all times, Defendants' policy and practice in regards to paying wages to Plaintiff

had been willful in its violation of the relevant federal and state labor laws.

## FIRST CAUSE OF ACTION

*Failure to Pay Overtime Wages (Federal)*

54. Plaintiff re-alleges paragraphs 1-53 of this Complaint as if set forth fully herein.

55. Plaintiff was a non-exempt employee of the Defendants as understood by the FLSA at all relevant times.

56. At all relevant times, Plaintiff was not paid time and a half based on his regular hourly rate of pay for any and all hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207.

57. Plaintiff routinely worked hours in excess of 40 hours a week.

58. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

59. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to back pay for unpaid overtime wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

*Failure to Pay Overtime (State)*

60. Plaintiff re-allege paragraphs 1-59 of this Complaint as if set forth fully herein.

61. Plaintiff was employed by the Defendants within the meaning of the New York State Labor Law §§ 2(7) and § 190(2).

62. Defendants failed to pay Plaintiff overtime wages at a rate at least one and a half times his regular rate of pay for each hour worked in excess of forty hours per week.

63. Plaintiff routinely worked hours in excess of 40 hours a week.

64. Defendants' failure to pay overtime wages to Plaintiff violated New York Labor Law which requires employers pay employees overtime for hours worked in excess of 40 hours per week at the rate of one and a half times the employee's regular hourly wage or the prevailing minimum wage (whichever is greater).

65. Said violations have been willful within the meaning of New York State Labor Law § 198(1-a).

66. Thus, Plaintiff is to recover from Defendants unpaid overtime wages in an amount to be determined at trial, and an amount equal to those unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of this action and pre-judgment interest.

## THIRD CAUSE OF ACTION

*Failure to Pay Minimum Wages (Federal)*

67. Plaintiffs re-allege paragraphs 1-66 of this Complaint as if set forth fully herein.

68. Plaintiffs were non-exempt employees of the Defendants as understood by the FLSA at all relevant times.

69. At all relevant times, Plaintiffs were paid below the controlling minimum wage required by state and federal law.

70. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

71. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

*Failure to Pay Minimum Wages (State)*

72. Plaintiffs re-allege paragraphs 1-71 of this Complaint as if set forth fully herein.

73. Plaintiffs were non-exempt employees of the Defendants as understood by the NYSLL at all relevant times.

74. At all relevant times, Plaintiffs were paid below the controlling minimum wage required by New York State law.

75. Said failure to pay was willful, deliberate and/or reckless without any good faith basis.

76. Thus, pursuant to Section 663(1) of the New York Minimum Wage Act, Plaintiffs are entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION

*Failure to Provide Wage Notices & Wage Statements (State)*

77. Plaintiff re-alleges paragraphs 1-76 of this Complaint as if set forth fully herein.

78. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

79. Defendants at all times failed to provide Plaintiff with any and all wage notices and/or wage statements that Defendants were obligated to provide to Plaintiffs pursuant to NYSLL, particularly the New York State Wage Theft Prevention Act.

80. The Defendants' failure to provide Plaintiff with the aforementioned notices and statements were willful and malicious and/or reckless and/or negligent.

81. Thus, Plaintiff is entitled to statutory damages and attorney's fees for such failures by Defendants in an amount to be determined at trail, and such other relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION

*Failure to Pay Spread of Hours (State)*

82. Plaintiff re-alleges paragraphs 1-81 of this Complaint as if set forth fully herein.

83. Defendants have not paid Plaintiff their due additional hours of pay for shifts where Plaintiff worked in excess of 10 hours as required by NYSLL while making less than or at minimum wage.

84. Such failure to pay was willful within the meaning of NYSLL § 198(1-a).

85. Defendant's willful and intentional failure to pay the spread of hours violates the New York State Code of Rules and Regulations, Title 12, § 142-2.4, which requires employers to pay an additional hour at minimum wage when an employee works in excess of 10 hours in a single day.

86. Plaintiff is entitled to compensatory damages for Defendants' failure to pay the required spread of hours for each day they worked more than 10 hours, as well as liquidated damages, reasonable attorney's fees, costs and prejudgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaration that the Defendants' acts and practices complained of herein are willful violations with the meaning of 29 U.S.C. § 260 and NYSLL § 198(1-a).

b. Directing Defendants to make Plaintiff whole for all unpaid overtime wages, and spread of hours pay due as a consequence of Defendant's violation of FLSA and NYSLL;

c. Directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

d. Awarding the Plaintiff, the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

e. Awarding the Plaintiff pre- and post-judgment interest as provided for in NYSLL § 198(1-a), and;

f. Awarding the Plaintiff statutory damages pursuant to NY State Labor Law wage notification requirements, and;

g. Awarding the Plaintiff such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues in the above matter.

Dated: Brooklyn, New York
      January 6, 2023

**HERIBERTO A. CABRERA & ASSOCIATES**

__/s/ Heriberto Cabrera_____
Heriberto A. Cabrera, Esq.
*Attorneys for Plaintiff*
480 39th Street, 2nd Floor
Brooklyn, NY 11232
info@gonylaw.com