```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
 JORGE QUIEJU,                                              :
                                                            :   **MEMORANDUM DECISION AND**
                                      Plaintiff,            :   **ORDER**
                                                            :
              - against -                                   :   23-cv-264 (BMC)
                                                            :
                                                            :
 LA JUGUERIA INC., BETO LNU, and                            :
 ANGEL MARCARIO,                                            :
                                                            :
                                      Defendants.           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff, a former restaurant worker, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, alleging that his former employer and its managing owners failed to pay him minimum wages and overtime consistent with federal and state law. Plaintiff also alleges that defendants failed to pay him the spread-of-hours premium required by 12 N.Y. Comp. Codes R. & Regs. § 142-2.4. Finally, plaintiff alleges that his employer did not provide him with a time-of-hire wage notice nor with the wage statements (together, the "required documents") required under New York Labor Law § 195(1) and (3).

The Court issued an Order requiring plaintiff to show cause why his state law claim for failure to provide the required documents should not be dismissed for lack of standing. Plaintiff has responded but for the reasons described below, the Court is not persuaded.

Several decisions in this district, including one from this Court, have held that the statutory damage remedies in NYLL § 195(1) and (3) do not support standing in federal court. See, e.g., Guthrie v. Rainbow Fencing Inc., No. 21-cv-5929, 2023 WL 2206568, at *5 (E.D.N.Y. Feb. 24, 2023); Deng v. Frequency Elecs., Inc., No. 21-cv-6081, 2022 WL 16923999, at *8

(E.D.N.Y. Nov. 14, 2022); Sevilla v. House of Salads One LLC, No. 20-cv-6072, 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022); Wang v. XBB, Inc., No. 18-cv-7341, 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022); but see Metcalf v. TransPerfect Translations Int'l, Inc., No. 19-cv-10104, 2023 WL 2674743, at *6 (S.D.N.Y. Mar. 29, 2023).  These decisions follow from Transunion LLC v. Ramirez, 141 S. Ct. 2190, 2214 (2021), which held that an "asserted informational injury that causes no adverse effects does not satisfy Article III."

Plaintiff offers very little to overcome the majority view that NYLL § 195(1) and (3) do not automatically confer standing.  He generally cites to Mateer v. Pelonton Interactive, Inc., No. 22-cv-740, 2022 WL 2751871, *2 (S.D.N.Y. July 14, 2022).  That case declined to dismiss for lack of standing based on an allegation in the complaint that the failure to provide the required documents "resulted in the underpayment of wages."

I respectfully disagree with Mateer.  It cannot be that the Supreme Court jurisprudence on standing that requires the showing of an actual and concrete injury can be so easily circumvented by a conclusory allegation that a statutory violation "resulted in injury."  If it could, then the plaintiff in Transunion could have avoided a trip to the Supreme Court simply by alleging the failure to accurately reflect his credit injury "resulted in an injury to his credit standing" under the Fair Credit Reporting Act.  But conclusory allegations in a complaint are entitled to no weight when assessing its legal sufficiency, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007), and there is no reason to think allegations relevant to subject matter jurisdiction – the very foundation for the Court having the power to hear the case in the first place – are subject to any lesser standard of pleading.  See Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016) ("The task of the district court is to determine whether the Pleading 'allege[s] facts that affirmatively and plausibly suggest that

[the plaintiff] has standing to sue.'") (citing Iqbal, 556 U.S. 662 (2009)); see also Calcano v. Swarovski N.A. Ltd., 36 F.4th 68, 76 (2d Cir. 2022) ("Plaintiffs' threadbare assertions are conclusory and do not raise a reasonable inference of injury."); Baur v. Veneman, 352 F.3d 625, 637 (2d Cir. 2003) ("[A] plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing.").

Plaintiff's standing theory for the § 195 claim does not cross the line from "possible" to "plausible" under Iqbal and Twombly. The constitutional minimum of standing comprises three elements: (1) that the plaintiff suffered personal injury or threat of injury ("injury"); (2) that the injury fairly can be traced to the action challenged ("causation"); and (3) that the injury is likely to be redressed by the requested relief ("redressability"). Fund for Animals v. Babbitt, 89 F.3d 128, 134 (2d Cir. 1996). A plaintiff must establish these elements "for each claim he seeks to press." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 335 (2006). Causation is not satisfied here as to the § 195(1) and (3) claim.

Plaintiff has offered no theory as to *how* he was injured by defendants' failure to provide the required documents. He alleges that the failure to provide them has "conspiratorial overtones" and that the reason employers do not comply with the statute is "so that the employee will be maintained in the dark and uninformed regarding [] minimum wage and overtime" requirements. Putting aside that plaintiff acknowledges, paradoxically, that sometimes an employer fails to provide the documents because of "neglect" rather than deliberate misconduct, an employer's intent has no bearing on whether the employer's conduct caused plaintiff to sustain an actual and concrete injury.

In addition, plaintiff's argument is entirely speculative. Although plaintiff assumes his conclusion without analysis, what he is really saying is that *if* defendants had given him the

3

required documents, those documents *would have* informed him that he was not being paid his required wages. Enlightened by that knowledge, plaintiff then *would have* demanded his required wages. Having made such a demand, defendants *would have* then paid him his required wages, and plaintiff *would have* avoided the injury he suffered by the failure to properly pay him. This implicit analysis apparently leads to plaintiff's conclusion that he has suffered an actual and concrete injury by reason of his employer's violation of § 195.

This hypothetical chain of events is not what the Supreme Court means by an "injury fairly traceable to the allegedly unlawful conduct." California v. Texas, 141 S. Ct. 2104, 2113 (2021). Who knows what would have happened had defendants given plaintiff the required documents? Even if plaintiff had read such forms (which is itself speculation), the form would likely have confirmed the amount of money he actually received while working for defendants. These forms don't tell the employee what the minimum wage is, or that overtime and spread of hours are required by law.[1]

Maybe the chain of events would have unfolded the way plaintiff implicitly assumes, but there is no reason to think so. This "speculative chain of possibilities does not establish that [plaintiff's] injury" was "fairly traceable" to defendants' alleged violations of § 195. Clapper v. Amnesty Intern. USA, 568 U.S. 398, 414 (2013).

Article III requires more than speculation and conjecture about what would have happened if several contingencies – none of which seem particularly likely – had materialized. The injury that plaintiff suffered (*i.e.*, defendants' failure to properly pay him) is not an injury he

---

[1] See New York's Model "Notice and Acknowledgement of Pay Rate and Payday Under Section 195.1," (N.Y. Dep't of Labor Sept. 2022), https://dol.ny.gov/system/files/documents/2022/09/ls54.pdf [https://perma.cc/3VRU-DHD4]; New York's Model "Wage Statement (pay stub): Required Information under Section 195.3," (N.Y. Dep't of Labor Nov. 2021), https://dol.ny.gov/system/files/documents/2021/12/ls49.pdf [https://perma.cc/T4ZY-6QKQ].

sustained because of a lack of the required documents; it is an injury sustained because his employer violated its obligation to pay minimum wage, overtime, and spread-of-hours pay under other, express requirements of federal and state law.  It is the violation of those statutes to which his injury is "fairly traceable."  Indeed, the fact that the New York legislature enacted so many actual damage statutes in the Labor Law (*e.g.*, minimum wage, overtime, spread of hours, time of payment, liquidated damages), but limited the recovery in § 195(1) and (3) to statutory damages with a cap, suggests its recognition that the statute was not even designed to address actual damages.

The § 195(1) and (3) claim is dismissed for lack of standing.[2]

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
April 25, 2023

---

[2] Plaintiff designated his response to this Court's Order to Show Cause as a "First Motion for Order to Show Cause." The Clerk is directed to terminate that "motion."